**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leonard BERNOT, Defendant-
Appellant.**

Nos. 14-10569
15-10184

United States Court of Appeals,
Ninth Circuit.

Submitted December 13, 2016 *
San Francisco, California

Filed December 27, 2016

---

* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

Michael D. Anderson, Kevin Christopher Khasigian, Matthew Gould Morris, Assistant U.S. Attorneys, USSAC—Office of the US Attorney, Sacramento, CA, for Plaintiff-Appellee

Karyn H. Bucur, Esquire, Attorney, Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Defendant-Appellant

Before: GRABER and HURWITZ, Circuit Judges, and FOOTE,** District Judge.

## MEMORANDUM ***

Leonard Bernot appeals his sentence for conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. He challenges the application of a vulnerable victim enhancement and the imposition of restitution. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. A two-level sentencing enhancement may be imposed if the defendant "knew or should· have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). The district court properly found that Bernot's "reasonably foreseeable" victims included the Garfinkles, *see United States v. Treadwell*, 593 F.3d 990, 1002 (9th Cir. 2010), and that these homeowners were particularly vulnerable compared to other victims of mail fraud, *see United States v. Mendoza*, 262 F.3d 957, 960–61 (9th Cir. 2001).

2. The district court correctly calculated the Guideline range of 37 to 46 months and

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

articulated the 18 U.S.C. § 3553(a) factors that it considered, including avoiding unwarranted sentencing disparities, which support the 18-month sentence imposed.

3. The district court properly used the value of the victims' lost equity in their home, $316,744.79, as the amount of restitution. *See* 18 U.S.C. § 3663A(b)(1)(B)(i). Bernot is not entitled to a credit against the restitution for the down payment he made on the house. *See id.*

4. The district court did not clearly err in ordering immediate repayment, which is the default for restitution under 18 U.S.C. § 3572(d)(1). Bernot did not object to immediate repayment at sentencing, nor does he argue on appeal that he is unable to make immediate repayment.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.